# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Cue Health Inc., *et al.*,[1]<br><br>          Debtors. | Chapter 7<br><br>Case No. 24-11096 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE CHAPTER 7 TRUSTEE TO (I) RETAIN AND COMPENSATE INDEPENDENT CONTRACTORS AND (II) PAY CERTAIN RELATED ADMINISTRATIVE EXPENSES**

Alfred T. Giuliano, the Chapter 7 Trustee of the above-captioned debtors (the "**Trustee**"), by and through his undersigned proposed counsel, hereby submits this motion (the "**Motion**") to this Court for entry of an order[2] authorizing the Trustee to (i) retain and compensate certain of the Debtors' former employees and other non-professionals as independent contractors (the "**Independent Contractors**") to assist in the administration of these chapter 7 cases and the protection and maintenance of assets of the Debtors' estates and (ii) pay certain related administrative expenses in connection therewith. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: Cue Health Inc. (2193), CHP HC, LLC (1932), and TrustedMedRx, LLC (8798).

[2] A proposed form of Order granting the relief requested hereby on an interim basis is attached hereto (the "**Interim Order**"). The Trustee is seeking entry of the Interim Order on an expedited basis.

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief sought in this Motion are sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**").

## BACKGROUND[3]

3. On May 28, 2024 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Their cases are being jointly administered.

4. Alfred T. Giuliano has been appointed as interim trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a). The section 341(a) meeting of creditors is scheduled for July 10, 2024.

5. Prior to the Petition Date, the Debtors were a healthcare technology company focused on the digital transformation of the healthcare industry. The Debtors designed the Cue Integrated Platform consisting of multiple hardware, software and diagnostic components: (i) the Cue Health Monitoring System, made up of a portable, durable and reusable reader, or Cue Reader; a single-use test cartridge, or Cue Cartridge, and a sample collection wand, or Cue Wand; (ii) the Cue Data and Innovation Layer, with cloud-based data and analytics capabilities; (iii) the Cue Virtual Care Delivery Apps, including a consumer-friendly Cue Health App, the clinician-facing Cue Clinic, and the Cue Enterprise Dashboard; and (iv) the Cue Ecosystem Integrations and Apps, including integration with: electronic medical record, or EMR, systems (enabling seamless

---

[3] The information regarding the Debtors' pre-petition businesses was taken from Cue Health Inc.'s most recent 10K for the fiscal year ended December 31, 2023, filed on or about March 13, 2024. The Trustee has not verified the information.

connection between a clinician, their EMR, and Cue's diagnostics), pharmacies and last-mile delivery (enabling electronic prescription, or e-Rx, and on-demand delivery), clinician networks (enabling virtual care and prescription), and laboratories (enabling mail-in panel testing).

6. The Cue Integrated Platform was built to enable fast, frequent, lab-quality diagnostics by anyone, anywhere, intended to facilitate a new continuous care model of personalized and contextualized healthcare.

7. The first commercially available diagnostic test for use with the Cue Health Monitoring System was the Cue COVID-19 Test Kit. Users could run a COVID-19 test anywhere using the Cue Reader and a Cue COVID-19 Test Kit, and have lab-quality test results delivered digitally to the user's mobile smart device in about 20 minutes.

8. When the Debtors launched Cue Care in August 2022, users could connect with a virtual care provider within the Cue Health App about their COVID-19 test results. If medically indicated, that user could receive an e-prescription for anti-viral medication, which could then be delivered the same day. Soon after the initial launch of Cue Care, the Debtors expanded the Cue Care experience to allow users to upload any COVID-19 test result (including non-Cue test results, such as from an antigen test) and third-party urinary tract infection and influenza test results to go through the same virtual care and e-prescription process.

9. In February 2023, the Debtors further expanded the Cue Care capabilities and their product line by launching Cue Lab at-home test kits, allowing users to test for certain general health and wellness conditions, making it easier for people to take control of their health using actionable information.

10. In May 2023, the Debtors announced an expansion of the Cue Integrated Care Platform to include a new pharmacy offering (Cue Pharmacy) with over-the-counter and prescription medication options for a growing number of common health and wellness needs.

11. As of the Petition Date, the Debtors' COVID-19 test and mpox test, were the only commercially available test kits for use with the Cue Reader. Future tests remained subject to technical development, clinical studies and regulatory authorization, clearance or approval.

12. The Debtors' principal executive offices were located in San Diego, California. The online pharmacy operations were based in Florida.

13. Given the geographic footprint of the Debtors' pre-petition operations and the complexity of the Debtors' businesses, it would be more efficient for the Trustee to use former employees to assist the Trustee and his professionals with the administration of the Debtors' estates.

14. The Trustee has determined, in his business judgment, that there is an immediate need to retain Independent Contractors to assist with the administration of these chapter 7 cases and the protection and maintenance of assets of the Debtors' estates. Among other things, the Independent Contractors may assist the Trustee in connection with accounting, IT services, sale of assets, and other tasks. The Trustee also seeks to retain a pharmacist to assist with the winddown and/or sale of pharmacy related assets, including certain licenses. Likewise, the Trustee has, or may, determine, in his business judgment, that there is an immediate need to pay certain administrative expenses to maintain and preserve the Debtors' assets (the "**Administrative Expenses**").

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks authority to retain and compensate former employees of the Debtors and certain other non-professionals as Independent Contractors to assist him in administering the Debtors' estates, effective as of June 1, 2024. For the avoidance of doubt, by this Motion, the Trustee is ***not*** seeking to retain any employees. Any persons retained by the Trustee will be independent contractors. In addition, The Trustee seeks authority to pay necessary Administrative Expenses, including those incurred in connection with, among other things, accounting, IT services, sale of assets, and other tasks.

## BASIS FOR RELIEF REQUESTED

16. The Court may authorize the Trustee to retain and compensate the Independent Contractors and pay related Administrative Expenses under Bankruptcy Code section 363(b) which provides, in relevant part, that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). If a trustee's proposed use of estate assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment, such use should be approved.[4] Further, section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. The Trustee, in the exercise of his business judgment, believes the best way to maintain and maximize the value of the estates, reduce potential claims, and facilitate an orderly

---

[4] *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate Motions brought pursuant to section 363(b)); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where [a trustee] articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the [trustee's] conduct").

liquidation is to retain the Independent Contractors and pay necessary associated Administrative Expenses. The relief requested herein will enable the Trustee to efficiently and effectively fulfill his duties under Bankruptcy Code section 704 and maximize value for creditors. In particular, the Trustee believes the knowledge and skills the Independent Contractors possess will be beneficial in maintaining and protecting the Debtors' assets and will reduce the expense and time associated with performing certain administrative tasks. Indeed, the Trustee believes the Independent Contractors possess certain skills and historical knowledge about the Debtors and their operations and assets that the Trustee could not sufficiently obtain elsewhere.

18. The Independent Contractors will be working on discrete projects which will be subject to Trustee's full oversight, direction, and tasking. The Independent Contractors are not "professionals" and are not subject to Bankruptcy Code section 327.[5] Because retaining and compensating non-professionals and paying associated Administrative Expenses can still be viewed as outside the ordinary course of business, the Trustee seeks Court approval of the relief requested herein pursuant to sections 105 and 363.

## **WAIVER OF BANKRUPTCY RULES 6004(h)**

19. To implement the requested relief successfully, the Trustee seeks a waiver of the fourteen (14) day stay under Rule 6004(h). The Trustee has an emergent need to retain the Independent Contractors and pay certain Administrative Expenses. Failure to waive the stay will prejudice the Trustee and the estates.

---

[5] "Professionals" subject to Bankruptcy Code section 327 generally are limited to persons or entities that take a *central* role in administration of an estate and are given discretion or autonomy to exercise independent professional judgment in connection therewith. *See e.g., In re First Merchants Acceptance Corp.*, 1997 Bankr. LEXIS 2245 (Bankr. D. Del. Dec. 15, 1997). Here, the Independent Contractors will not play a central role in administration of these estates, nor will they have autonomy or the discretion to exercise professional judgment. Instead, they will only be responsible for performing discrete tasks at the direction of the Trustee and subject to his oversight.

## **NOTICE**

20. Notice of this Motion has been provided to: (a) counsel to the Office of the United States Trustee, and (b) all parties who have requested to receive notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

21. No previous motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially in the form attached hereto granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 4, 2024
       Wilmington, Delaware

Chipman Brown Cicero & Cole, LLP

/s/ *David W. Carickhoff*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Kristi J. Doughty (No. 3826)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: carickhoff@chipmanbrown.com
       root@chipmanbrown.com
       doughty@chipmanbrown.com
*Proposed Counsel for the Chapter 7 Trustee*