**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CUE HEALTH INC., *et al.*,[1] | Case No. 24-11096 (CTG) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## TRUSTEDMEDRX, LLC – CASE NO. 24-11098 (CTG)

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Cue Health Inc. (2193); CHP HC, LLC (1932); and TrustedMedRx, LLC (8798). The Debtors' service address is 4980 Carroll Canyon Rd., Ste. 100, San Diego, CA 92121.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CUE HEALTH INC., *et al.*,[1] | Case No. 24-11096 (CTG) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Cue Health Inc. and its above-captioned debtors (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") are filing their respective Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and Statements of Financial Affairs (collectively, the "<u>Statements</u>," and together with the Schedules, collectively, the "<u>Schedules and Statements</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, as amended (the "<u>Bankruptcy Code</u>"), and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

These *Global Notes and Statement of Limitations, Methodology and Disclaimer regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and compose an integral part of, all of the Schedules and Statements. These Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.

The Schedules and Statements have been prepared based on information provided by the Debtors' former management personnel and their professional advisors, and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

In reviewing and signing the Schedules and Statement, Ian Sinnott, the duly authorized and designated representative of the Debtors (the "<u>Authorized Representative</u>"), has necessarily relied upon the prior efforts, statements, and representations of former employees, personnel, and

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Cue Health Inc. (2193); CHP HC, LLC (1932); and TrustedMedRx, LLC (8798). The Debtors' service address is 4980 Carroll Canyon Rd., Ste. 100, San Diego, CA 92121.

professionals of the Debtors (the Debtors no longer have any employees). The Authorized Representative has not (and could not have) personally verified the accuracy of each such statement and representation that collectively provide the information presented in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

The Debtors and their past or present directors, officers, employees, attorneys, professionals and agents (including, but not limited to, the Authorized Representative), do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their past or present officers, employees, attorneys, professionals and agents (including, but not limited to, the Authorized Representative) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or recategorized. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. In no event shall the Debtors or their past or present directors, officers, employees, attorneys, professionals and/or agents (including, but not limited to, the Authorized Representative) be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to the Debtors' chapter 7 cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Cases and "As of" Information Date**.  On May 28, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 7 of the Bankruptcy Code.  Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors included in the Schedules and Statements and these Global Notes is provided as of the Petition Date or as close thereto as reasonably practicable under the circumstances.

**Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors. Therefore, combining the assets and liabilities set forth in the Schedules and Statements could result in amounts that could be substantially different from any financial information regarding the Debtors prepared on a consolidated basis under GAAP.

4882-9943-5967.8

As of the Petition Date, the Debtors did not conduct their normal accounting close process, therefore the normal procedures for reconciling accounts, recording and/or adjusting entries, and preparing financial statements (for the period ending as of the Petition Date) was not completed. As such, the Debtors developed the information presented in the Schedules and Statements as of the Petition Date based on currently available and accessible information, and in certain instances, amounts may reflect estimates. The subsequent receipt of additional data and information, including but not limited to vendor invoices, could be material.

**Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Intellectual Property Rights and Other Intangibles.**  Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The value of the Debtors' intellectual property and license agreements are contingent and unliquidated. The Debtors' other intangibles and Intellectual property are listed on Schedule A/B 64. These assets have not been appraised by a professional within a year prior to the Petition Date. Therefore, the current values are listed as "Undetermined."

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) current or former directors, officers, or persons in control of the Debtors; (b) relatives of current or former directors, officers, or persons in control of the Debtors; (c) a partnership in which any of the Debtors is a general partner; or (d) an affiliate of the Debtors.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtors and their estates do not take any position with respect to:  (a) any such person's influence over the control of the Debtors; (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

4882-9943-5967.8

a. **Current Market Value – Net Book Value**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtors to obtain current market valuations for all of the assets of their estates. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value of such assets.

b. **Setoffs**. To the extent the Debtors have incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or are subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Schedules and Statements. The Debtors and their estates reserve all rights with respect to any such setoffs.

c. **Credits and Adjustments**. Claims of creditors and/or prepayments from clients are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

d. **Leases**. Prior to the Petition Date, the Debtors leased certain equipment from certain third-party lessors for use in the maintenance of their business. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

e. **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. Rather, executory contracts and unexpired leases have been set forth solely on Schedule G. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

**Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information available at the time of filing the Schedules and

Statements.  If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change. Accordingly, the Debtors and their estates reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

**Estimates**.  The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.

**Claims Description**.  The Debtors and their estates reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority, or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtors' contracts and leases may not be included on Schedule H.  Therefore, the Debtors and their estates reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

**Board Resignations**. Carole Faig, Maria Martinez, Chris Achar, Joanne Bradford, Joshua Ghaim, and Sachin Jain served as directors of Debtor Cue Health Inc. through and including the filing of the petitions. The resignations of these directors were effective concurrent with the filing of the petitions. As a result, any reference to any directors in these Schedules and Statements indicates that such director was a current director as of the Petition Date notwithstanding such director's subsequent resignation prior to the filing of the Schedules and Statements.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.  The amounts listed in Part 1 are presented as of May 24th, 2024, which is the most recent information available to the Debtors. East West Bank accounts ending in 5283, 7815, and 6412 are listed with a $0.00 balance because they are zero-balance accounts that are automatically swept to the Debtors' primary operating account, ending in 4374 held at East West Bank at the end of each day.

**SOAL A/B Question 7**: The Debtors were required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified. The deposits shown are estimates as of the Petition Date.

**SOAL A/B Question 8:** The Debtors were required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. Some of these prepayments include insurance policies with annual premiums paid in a single lump sum upfront and amortized over the policy period. Other prepayments include software licenses for one-year terms which are paid upfront and amortized over the license period. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified. Moreover, the retainer amounts paid by the Debtors to their bankruptcy counsel, Wilson Sonsini Goodrich & Rosati, P.C., their financial advisor, FTI Consulting, Inc., and their administrative advisor, Epiq Systems, Inc., on an earned upon receipt basis, do not constitute an interest of the Debtors in property and thus are not listed. These amounts paid are listed in response to Statement 11.

The Debtors maintain their books and records on an accrual basis. Accordingly, certain terms listed in Schedule A/B, Part 2, are listed in the Debtors' books and records as prepayments or deposits, but are, in fact, payments made for certain future expenses or invoices

**SOAL A/B Question 11:** The Debtors are currently unable to determine the amount of receivables collected in the 90 days preceding the Petition Date, because certain amounts were collected within a few days of the Petition Date, and the Debtors' employees were all terminated on May 24, 2024 and the majority of the Debtors' employees did not work after May 20, 2024 when their upcoming termination was announced. As a result, the amounts reflected are the balances sourced as of May 21st, 2024. The amounts listed reflect both third-party receivables and intercompany receivables from certain non-debtor entities.

**SOAL A/B Question 19**: As of the Petition Date, Debtor TrustedMedRx, LLC may possess raw materials necessary to its pharmacy business operations. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of these raw materials or obtain valuations of these materials. Additionally, Debtor Cue Health Inc. purchased inventory shown in this Schedule, an unknown and untracked amount of which was used by the Debtors for research and development purposes. Once such inventory and materials were used for research and development purposes, it cannot be resold. As a result, the Debtors are unable to adequately capture the current value of the purchased inventory and materials as a commercially viable product and are only able to present the net book value as of March 31, 2024.

**SOAL A/B Question 20:** Debtor TrustedMedRx, LLC ceased filling prescriptions prior to the Petition Date. However, Debtor TrustedMedRx, LLC may possess work in progress related to its prepetition operations. Prior to the Petition Date, the Debtors did not regularly maintain books and records of its work in progress or obtain valuation of such work. Net book value presented herein is presented as of March 31, 2024, not the date of last physical inventory.

**SOAL A/B Question 21**: As of the Petition Date, Debtor TrustedMedRx, LLC may possess finished goods, including goods held for resale. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of these finished goods or obtain valuations of any such goods. Net book value presented herein is presented as of March 31, 2024, not the date of last physical inventory.

**SOAL A/B Question 22**: As of the Petition Date, Debtor TrustedMedRx, LLC may possess other inventory and supplies. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of such other inventory or obtain valuations of other inventory.

**SOAL A/B Question 39**: As of the Petition Date, Debtor TrustedMedRx, LLC may possess office furniture used in connection with its prepetition operations. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of such office furniture or obtain any valuations related to the same.

**SOAL A/B Question 40:** As of the Petition Date, Debtor TrustedMedRx, LLC may possess office fixtures related to its prepetition operations. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of such office fixtures or obtain any valuations related to the same.

**SOAL A/B Question 41:** As of the Petition Date, Debtor TrustedMedRx, LLC may possess office equipment, including computer equipment and communications systems equipment and software. However, prior to the Petition Date, the Debtors did not regularly maintain books and records of such office equipment or obtain any valuations prior to the same. The Debtors also did not, historically, update the book value of certain equipment after de minimis sales of such assets.

**SOAL A/B Question 72:** All tax values related to 2023 in Scheduled A/B, question 72, are estimates unless otherwise stated.

**SOAL A/B Question 73:** The Debtors do not attribute any cash value to the listed insurance policies.

**SOAL A/B Question 74:** Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws. The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and cause of action.

**<u>Schedule D – Creditors Who Have Claims Secured by Property</u>**. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any of the Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document, or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related

documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies, and other parties that may hold security deposits.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses that such parties may be entitled to.

**Schedule E/F – Creditors Who Have Unsecured Claims.**

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Also, the amounts listed on Part 2 of Schedule E/F reflect known prepetition claims as of the Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Part 2 of Schedule E/F, and the Debtors and their estates reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtors and their estates reserve all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of Schedule E/F.

The Debtors have used commercially reasonable efforts to include all creditors on Part 2 of Schedule E/F. The amounts listed for liabilities on Schedule E/F may be exclusive of certain contingent and unliquidated amounts.

In addition, due to the termination of the Debtors' employees shortly before the Petition Date, the Debtors have not separately assessed each claim in Schedule E/F for its basis or analyzed whether each claim is contingent, unliquidated, or disputed. Accordingly, many claims are listed as trade payables as a default, but may have a different basis. The Debtors reserve all rights regarding the categorization and classification of the claims in Schedule E/F.

The Debtors issued the final payroll for their employees shortly before the Petition Date. Certain amounts owed to employees related to the Debtors' 401(k) benefits plan may not have been processed due to the proximity of when the payments were made to the Petition Date. Further, the Debtors have only listed former employees on Schedule E/F where such former employees have a claim known to the Debtors and the Debtors have not listed all former employees on Schedule E/F.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these chapter 7 cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these chapter 7 cases.

4882-9943-5967.8

The Debtors have identified certain unliquidated, tax-related priority unsecured claims relating to an amended 2021 federal tax returns and a California Use Tax audit. Total claim amounts nor priority amounts cannot yet be determined until such actions are processed by federal or state authorities.

**Schedule G – Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred in preparing Schedule G.  The termination of the Debtors' employees prior to the time these Schedules and Statements were prepared may also have resulted in advertent exclusion of executory contracts from this Schedule G. Omission of a contract, lease, or other agreement from Schedule G does not constitute an admission that such omitted contract, lease, or other agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases, and other agreements to which the Debtors are a party, including, without limitation, to add any that the Debtors did not list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.  The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements that may not be listed on Schedule G.

Certain confidentiality, non-disclosure, and non-compete agreements may not be listed on Schedule G. Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal or other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G or Schedule F.

The Debtors may also have entered into various other types of agreements in the ordinary course of their business, such as subordination, non-disturbance and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements, non-disclosure agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and may be subject to dispute. Executory agreements that are oral in nature, if any, have not been included on Schedule G.

Additionally, the Debtors maintain certain insurance programs.  The Debtors and their estates reserve all rights in connection with such insurance programs.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. All rights, claims, and causes of action of the Debtors and their estates with respect to the agreements listed on Schedule G are hereby reserved and preserved. The Debtors and their estates hereby reserve all rights to:  (a) dispute the validity, status, or

enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary.

## NOTES FOR STATEMENTS

**Statements 1 & 2:** On March 22, 2023, Debtor CHP HC, LLC, a wholly owned subsidiary of Debtor Cue Health Inc., entered into a definitive agreement to acquire TrustedMedRx, LLC, a privately-held pharmacy, which held operating licenses in various jurisdictions (the "Acquisition"). The Acquisition was completed on May 4, 2023. Debtor TrustedMedRx, LLC, thus was not affiliated with the Debtors' business in 2022 and no sources of revenue are reportable for that period. Additionally, the Debtors generally track revenue by quarter, so amounts presented herein are not presented as of the Petition Date, but rather through the last quarter close of the Debtors' books and records before the Petition Date.

**Statement 3.** Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days prior to filing, except for those made to insiders or in connection with the bankruptcy, which are reflected on Statements 4 and 11, respectively. Stock vesting described herein reflects the stock's value based on the share price at the time of vesting.

**Statement 4.** Statement 4 has been presented on a gross payment basis. Actual amounts received by the parties listed on Statement 4 may differ based upon withholding and other tax obligations. Additionally, certain of the Debtors' former employees whose employment was terminated on May 24, 2024, received two payroll payments on May 24, 2024, the first, represented their ordinary course biweekly payroll in arrears for the prior two weeks' worth of work, the second represented payment for the final week of their employment, which ended on May 24, 2024.

**Statement 7.** The Debtors and their estates reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities.

**Statement 8.** Certain of the Debtors' directors' and officers' liability insurance policies are listed herein. These are not tail payments for such insurance, which are separately listed in the Schedules and Statements. Instead, because the Debtors historically paid directors' and officers' liability insurance upfront and then amortized the amounts owed, these amounts have been shown as prepayments to ensure consistency with their presentation in the Debtors' books and records.

**Statement 13.** Given the manner in which the auctions that resulted in these property transfers were conducted, the counterparties to certain of the transfers of property listed in this statement are unknown to the Debtors. As a result, the intermediary/auctioneer of the property sold, Liquidity Services, has been listed as counterparty.

4882-9943-5967.8

**Statement 21.** Property listed in this statement was sold in connection with the auctions and sales referenced in Statement 13, but was not picked up by the purchasing counterparty prior to the Petition Date.

**Statement 26(a).** The Debtors ceased operations and terminated their remaining employees on May 24, 2024. With respect to the accountants and bookkeepers identified herein, the end date of such person's maintenance of the Debtors' books and records reflects either a prior termination date or May 24, 2024, as the date upon which such persons no longer had access to the Debtors' books and records. All employees are listed with 'Former" before their titles to reflect that their titles were terminated with their employment on or before May 24, 2024. Certain individuals listed in this response may have retained access to the Debtors' books and records for a limited time period in connection with their service as a consultant or independent contractor to the Debtors from the period from May 24, 2024, through the appointment of a Chapter 7 Trustee or shortly thereafter. Such consultant services are not reflected in this response because such consultants are no longer employees of the Debtors.

**Statement 26b.** Statement 26b lists individuals who have audited the Debtors book of accounts. The Debtors have listed BDO USA, P.C. and Ernst & Young US LLP as having audited the Debtors' book of accounts, however the engagement of such firms by the Debtors pre-dates the tenure of any of the existing employees remaining at the company during the time of SOFA/SOAL preparation or who became independent contractors or consultants to the Company after May 24, 2024.

**Statement 26d**. The Debtors provided financial statements in the ordinary course of their businesses to certain parties within two years immediately before the Petition Date, including with respect to the Debtors' prior restructuring and financing efforts. Considering the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors may not have disclosed all parties that may have received such financial statements for the purposes of Statement 26d. Certain of the Debtors are registrants with the Securities and Exchange Commission and file with such agency periodic financial reports on a consolidated basis. These reports also contain information about those Debtors' finances, and are available publicly through the Debtor Cue Health Inc. website cuehealth.com.

Additionally, from time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors and landlords and their legal and financial advisors. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in part 13, Question 26 of the Statements.

**These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the Debtors. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note in any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a**

**Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.**

4882-9943-5967.8

Debtor    TrustedMedRx, LLC

United States Bankruptcy Court for the:    District of Delaware

Case number    24-11098
(if known)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

---

**Part 1:**    **Summary of Assets**

---

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

     1a. **Real property:**
         Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| UNDETERMINED |
|---|

     1b. **Total personal property:**
         Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $4,000.00 |
|---|

     1c. **Total of all property:**
         Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $4,000.00 |
|---|

---

**Part 2:**    **Summary of Liabilities**

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

     Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| NOT APPLICABLE |
|---|

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

     3a. **Total claim amounts of priority unsecured claims:**
         Copy the total claims from Part 1 from line 5a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
|---|

     3b. **Total amount of claims of nonpriority amount of unsecured claims:**
         Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F . . . . . . . . . . . . . .

| +              $4,000.00 |
|---|

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
     Lines 2 + 3a + 3b

| $4,000.00 |
|---|

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1. DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☒ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. CASH ON HAND** | |
| **3. CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | |
| **4. OTHER CASH EQUIVALENTS** | |
| **5 Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6. DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☐ No. Go to Part 3.
☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7. DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT **NONE** | |
| **8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |
| 8.1.     1200 S. ROGERS, LLC - PREPAID RENT FOR OFFICE | $4,000.00 |

| | | Current value of debtor's interest |
|---|---|---|
| **9** | **Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | $4,000.00 |

**Part 3:**     **ACCOUNTS RECEIVABLE**

**10.**    **DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|
| **11.** | **ACCOUNTS RECEIVABLE** | |
| **12** | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |

**Part 4:**     **INVESTMENTS**

**13.**    **DOES THE DEBTOR OWN ANY INVESTMENTS?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14.** | **MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** NAME OF FUND OR STOCK: | | |
| **15.** | **NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| **16.** | **GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** DESCRIBE: | | |
| **17** | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | | NOT APPLICABLE |

**Part 5:**     **INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18.**    **DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **19.** | **RAW MATERIALS** | | | | |
| 19.1. | PHARMACY MATERIALS | UNKNOWN | UNKNOWN | N/A | UNKNOWN |
| **20.** | **WORK IN PROGRESS** | | | | |
| 20.1. | PHARMACY MATERIALS | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |
| **21.** | **FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| **21.** | **FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| | 21.1.    PHARMACY MATERIALS | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |
| **22.** | **OTHER INVENTORY OR SUPPLIES** | | | | |
| | 22.1.    PHARMACY MATERIALS | UNKNOWN | UNDETERMINED | N/A | UNDETERMINED |

| **23** | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | UNDETERMINED |
|---|---|---|

**24.**  **Is any of the property listed in Part 5 perishable?**
☐ No
☒ Yes

**25.**  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes      Book value _____      Valuation method _____      Current value _____

**26.**  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 6:** | **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)** |
|---|---|

**27.**  **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **28.** | **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.** | **FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| **30.** | **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| **31.** | **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.** | **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

| **33** | **Total of Part 6.** ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. | NOT APPLICABLE |
|---|---|---|

**34.**  **Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative ?
        ☐ No
        ☐ Yes

**35.**  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.**  **Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

**37.**  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 7: OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES

**38.  DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☐ No. Go to Part 8.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  OFFICE FURNITURE** | | | |
| 39.1.  FURNITURE AND FIXTURES | UNDETERMINED | UNKNOWN | UNDETERMINED |
| **40.  OFFICE FIXTURES** | | | |
| 40.1.  OFFICE FIXTURES | UNDETERMINED | UNKNOWN | UNDETERMINED |
| **41.  OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.  CELL PHONES, COMPUTERS, MISC. COMPUTER EQUIPMENT | UNDETERMINED | UNKNOWN | UNDETERMINED |
| **42.  COLLECTIBLES** EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |
| 42.1.  NONE | | | |
| **43  Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | UNDETERMINED |

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 8: MACHINERY, EQUIPMENT, AND VEHICLES

**46.  DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| **48.  WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS | | | |
| **49.  AIRCRAFT AND ACCESSORIES** | | | |
| **50.  OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |
| **51  Total of Part 8.** ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87. | | | NOT APPLICABLE |

**52.** Is a depreciation schedule available for any of the property listed in Part 8?
☒ No
☐ Yes

**53.** Has any of the property listed in Part 8 been appraised by a professional within the last year?
☒ No
☐ Yes

## Part 9: REAL PROPERTY

**54.** **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

**55.** ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. S. ROGERS BUILDING LEASE (1200 S. ROGERS CIRCLE, SUITE 4A, BOCA RATON, FL) | LEASED - RIGHT OF USE | UNDETERMINED | N/A | UNDETERMINED |

**56** Total of Part 9.
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

UNDETERMINED

**57.** Is a depreciation schedule available for any of the property listed in Part 9?
☒ No
☐ Yes

**58.** Has any of the property listed in Part 9 been appraised by a professional within the last year?
☒ No
☐ Yes

## Part 10: INTANGIBLES AND INTELLECTUAL PROPERTY

**59.** **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☐ No. Go to Part 11.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS | | | |
| **61.** INTERNET DOMAIN NAMES AND WEBSITES | | | |
| 61.1. TRUSTEDMEDRX.COM | UNDETERMINED | NONE | UNDETERMINED |
| **62.** LICENSES, FRANCHISES, AND ROYALTIES | | | |
| **63.** CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS | | | |
| **64.** OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY | | | |
| 64.1. LINKEDIN - LINKEDIN.COM/COMPANY/TRUSTEDMEDRX/ | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| **65.** GOODWILL | | | |

**66** Total of Part 10.
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

UNDETERMINED

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☐ No
☑ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 11: | ALL OTHER ASSETS |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71. NOTES RECEIVABLE**<br>DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**<br>DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES** | |
| 73.1. PROPERTY POLICY - CENTURY SURETY COMPANY (CCP1122281) | UNDETERMINED |
| 73.2. UMBRELLA POLICY - THE CONTINENTAL INSURANCE COMPANY (7064312172) | UNDETERMINED |
| 73.3. WORKERS COMPENSATION AND EMPLOYERS LIABILITY - PHARMACISTS MUTUAL INSURANCE COMPANY (WCV016510300) | UNDETERMINED |
| **74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)** | |
| **75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS** | |
| **76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY** | |
| **77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES*: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |
| **78 Total of Part 11.**<br>ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | UNDETERMINED |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| **80.** | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** | **Deposits and prepayments.** *Copy line 9, Part 2.* | $4,000.00 | |

(Name)

| | | | |
|---|---|---|---|
| **82.** | **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** | **Investments.** *Copy line 17, Part 4.* | | |
| **84.** | **Inventory.** *Copy line 23, Part 5.* | UNDETERMINED | |
| **85.** | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | UNDETERMINED | |
| **87.** | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88.** | **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➜ | UNDETERMINED | |
| **89.** | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNDETERMINED | |
| **90.** | **All other assets.** *Copy line 78, Part 11.* | + UNDETERMINED | |
| **91.** | **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a. | $4,000.00 ✚ 91b. UNDETERMINED | |
| **92.** | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $4,000.00 |

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1.
  1. **Do any creditors have claims secured by debtor's property?**

    ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules . Debtor has nothing else to report on this form.

    ☐ Yes. Fill in all of the information below.

**Debtor**    TrustedMedRx, LLC

**United States Bankruptcy Court for the:**    District of Delaware

**Case number**    24-11098
(if known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1.**    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
     ☑ No. Go to Part 2.
     ☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**Do any creditors have nonpriority unsecured claims?** (See 11 U.S.C. § 507).
     ☐ No.
     ☑ Yes.

**3.**    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1**    **Nonpriority creditor's name and mailing address**

1200 S. ROGERS, LLC
1200 S. ROGERS CIRCLE, SUITE 4
BOCA RATON, FL 33487

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
RENT

**Is the claim subject to offset?**
☑ No
☐ Yes

$4,000.00

**3.2**    **Nonpriority creditor's name and mailing address**

CARE PHARMACIES COOPERATIVE
1099 WINTERSON ROAD, #110
LITNTHICUM, MD 21090

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

| **Part 2:** | Additional Page |
|---|---|

| | | Amount of claim |
|---|---|---|

**3.3** | **Nonpriority creditor's name and mailing address**

FEDERAL EXPRESS CORPORATION
PO BOX 7221
PASADEN, CA  91109-7321

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

---

**3.4** | **Nonpriority creditor's name and mailing address**

NDCHEALTH CORPORATION
D/B/A RELAYHEALTH
1564 NORTHEAST EXPY NE
ATLANTA, GA  30329

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

---

**3.5** | **Nonpriority creditor's name and mailing address**

STERICYCLE INC.
2355 WAUKEGAN ROAD
BANNOCKBURN, IL  60015

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

---

**3.6** | **Nonpriority creditor's name and mailing address**

SURECOST LLC
14 WASHINGTON STREET
CONWAY, NH  03818

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

---

**3.7** | **Nonpriority creditor's name and mailing address**

WINDMILL HEALTH PRODUCTS
10 HENDERSON DRIVE WEST
CALDWELL, NJ  07006

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE CLAIM

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | NOT APPLICABLE |
| 5b. | Total claims from Part 2 | 5b. + | $4,000.00 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $4,000.00 |

**Fill in this information to identify the case:**

Debtor    TrustedMedRx, LLC

United States Bankruptcy Court for the:    District of Delaware

Case number    24-11098
(if known)

☐ Check if this is an
     amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1.**    **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules . There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2.** | **List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | LEASE AGREEMENT | 1200 S. ROGERS, LLC<br>1200 S. ROGERS CIRCLE, SUITE 4<br>BOCA RATON, FL 33487 |
| | State the term remaining | 05/04/2024 | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | BUSINESS ASSOCIATE AGREEMENT | CARE PHARMACIES COOPERATIVE INC.<br>1099 WINTERSON ROAD<br>SUITE 110<br>LINTHICUM, MD 21090 |
| | State the term remaining | 07/19/2025 | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | CARE MEMBERSHIP AGREEMENT | CARE PHARMACIES COOPERATIVE INC.<br>1099 WINTERSON ROAD<br>SUITE 110<br>LINTHICUM, MD 21090 |
| | State the term remaining | 07/19/2025 | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | CONTRACT | CARE PHARMACIES COOPERATIVE<br>1099 WINTERSON ROAD<br>#110<br>LINTHICUM, MD 21090 |
| | State the term remaining | UNKNOWN | |
| | List the contract number of any government contract | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | FEDEX TRANSPORTATION SERVICES AGREEMENT | FEDERAL EXPRESS CORPORATION<br>PO BOX 7221<br>PASADENA, CA 91109-7321 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | DATA DELIVERY AUTHORIZATION AMENDMENT | NDCHEALTH CORPORATION D/B/A RELAYHEALTH<br>1564 NORTHEAST EXPY NE<br>ATLANTA, GA 30329 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | BUSINESS ASSOCIATE AGREEMENT | STERICYCLE INC.<br>2355 WAUKEGAN ROAD<br>BANNOCKBURN, IL 60015 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | SURECOST SALES ORDER FORM | SURECOST LLC<br>14 WASHINGTON STREET<br>CONWAY, NH 03818 |
| | **State the term remaining** | 06/02/2024 | |
| | **List the contract number of any government contract** | | |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | GOODS AGREEMENT | WINDMILL HEALTH PRODUCTS<br>10 HENDERSON DRIVE<br>WEST CALDWELL, NJ 07006 |
| | **State the term remaining** | UNKNOWN | |
| | **List the contract number of any government contract** | | |

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors         12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| | |
|---|---|
| 1. | **Does the debtor have any codebtors?** |
| | ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☐ Yes. |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule*

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/11/2024         */s/ Ian Sinnott*
     MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       Ian Sinnott

                                       Printed name

                                       Authorized Representative

                                       Position or relationship to debtor