# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Cue Health Inc., *et al.*,[1]<br><br>           Debtors. | Chapter 7<br><br>Case No. 24-11096 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: 9/23/24 @ 3:30 p.m. (ET)**<br>**Objection Deadline: 9/6/24 @ 4:00 p.m. (ET)** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION PURSUANT TO 28 U.S.C. § 1452

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the estates of the above-captioned debtors (collectively, the "**Debtors**") hereby move this Court (the "**Motion**") for an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending by approximately 180 days the deadline to file notices of removal pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), through and including February 24, 2025. In support of this Motion, the Trustee respectfully represent as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: Cue Health Inc. (2193), CHP HC, LLC (1932), and TrustedMedRx, LLC (8798).

Under Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion under Article III of the United States Constitution. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is section 28 U.S.C. §1452. The relief is also appropriate under Bankruptcy Rules 9006(b) and 9027, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

3. On May 28, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. Alfred T. Giuliano has been appointed as chapter 7 trustee for the Debtors' estates. The Section 341 meeting of creditors was held on July 10, 2024, and concluded.

5. Prior to the Petition Date, the Debtors were a healthcare technology company focused on the digital transformation of the healthcare industry. The Debtors designed the Cue Integrated Platform consisting of multiple hardware, software and diagnostic components: (i) the Cue Health Monitoring System, made up of a portable, durable and reusable reader, or Cue Reader; a single-use test cartridge, or Cue Cartridge, and a sample collection wand, or Cue Wand; (ii) the Cue Data and Innovation Layer, with cloud-based data and analytics capabilities; (iii) the Cue Virtual Care Delivery Apps, including a consumer-friendly Cue Health App, the clinician-facing Cue Clinic, and the Cue Enterprise Dashboard; and (iv) the Cue Ecosystem Integrations and Apps, including integration with: electronic medical record, or EMR, systems (enabling seamless connection between a clinician, their EMR, and Cue's diagnostics), pharmacies and last-mile delivery (enabling electronic prescription, or e-Rx, and on-demand delivery), clinician networks (enabling virtual care and prescription), and laboratories (enabling mail-in panel testing).

6. Since his appointment, the Trustee has been focusing on maximizing the value of the Debtors' estates. Among other things, the Court has entered orders approving: (i) the sale of the equity interests in the TrustedMedRx pharmacy, (ii) the sale of certain turn-key assets to a turn-key buyer, and (iii) retention of an auctioneer and procedures for conducting auctions of other physical assets not part of the turn-key sale. The Trustee has closed on the pharmacy and turn-key sale and the auctions are currently in process.

## RELIEF REQUESTED

7. By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9006(b) further extending by approximately 180 days, through and including, February 24, 2025, the deadline to file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.[2] The Trustee further requests that the relief requested herein be granted without prejudice to the Trustee's right to seek further extensions of the deadline to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.

## BASIS FOR RELIEF

8. Section 1452 of title 28 of the United States Code governs the removal of pending civil actions related to bankruptcy cases. Specifically, Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Section 1334(b) of title 28 provides that:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive

---

[2] The current time deadline to file any removal notices or motions expires on August 26, 2024.

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

9. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. As set forth above, the current deadline to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is August 26, 2024. However, Bankruptcy Rule 9006 permits the Court to extend that deadline. Specifically, Bankruptcy Rule 9006(b) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11. It is well settled that this Court is authorized to extend the removal periods under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that Bankruptcy Rule 9006 authorizes expansion of time to file notice of

4

removal); *Caperton v. A.T. Massey Coal Co., Inc.,* 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); *Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file notices to remove civil actions pursuant to Bankruptcy Rule 9006).

12. Here, cause exists to extend the removal deadline. Since his appointment the Trustee has been focused on liquidating the Debtors' assets and maximizing the value of the Debtors' estates. As set forth above, The Trustee has closed on the pharmacy and turn-key sale (the turn-key sale closed just recently on August 19, 2024) and the auctions of the Debtors' remaining physical assets are currently in process.

13. Given his focus on liquidating assets and maximizing the value of the Debtors' estates, the Trustee has not yet had an opportunity to determine which claims or causes of action, if any, he may seek to remove. The extension requested in this Motion will provide the Trustee with additional time to make well informed decisions concerning removal and will ensure that the Trustee's rights provided by 28 U.S.C. § 1452 are preserved and can be exercised in an appropriate manner. Alternatively, if such an extension is not granted, the Trustee believes he may not have sufficient time to properly evaluate removal of claims and causes of action. To avoid this potential prejudice, the Court should grant the relief requested in this Motion.

14. Moreover, the counterparties to any claims or causes of action that are related to the bankruptcy cases will suffer no prejudice from the relief requested herein. Prepetition claims and causes of action against the Debtors are stayed by operation of the automatic stay under section 362(a) of the Bankruptcy Code. Accordingly, preserving the ability to remove claims and causes of action will impose no significant delay or unnecessary burdens on any counterparties to such related claims and causes of action.

## BRIDGE ORDER

15. Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the deadline to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee and (ii) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that such notice is reasonable and no other or further notice is necessary or required.

## NO PRIOR REQUEST BY TRUSTEE

17. No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an order substantially in the form of the proposed order attached hereto, extending the deadline to remove claims and causes of action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 through and including February 24, 2025, and granting such other and further relief as the Court deems just and proper.

Dated: August 21, 2024
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Kristi J. Doughty (No. 3826)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email: carickhoff@chipmanbrown.com
       root@chipmanbrown.com
       doughty@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*