**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Cue Health Inc., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11096 (CTG)<br><br>**Hearing Date: 9/30/26 @ 10:00 a.m. (ET)**<br>**Objection Deadline: 9/10/26 @ 4:00 p.m. (ET)** |
| ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of Cue Health Inc., *et al*.,<br><br>Plaintiff,<br><br>-against-<br><br>DoiT International USA, Inc.,<br><br>Defendant. | Adv. Proc. No. 26-50342 (CTG) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENT AND MUTUAL WITH DOIT INTERNATIONAL USA, INC.**

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates (the "**Estates**") of Cue Health, Inc. ("**Cue**") and its affiliated debtors (collectively, the "**Debtors**"), hereby moves the Court (this "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the *Settlement Agreement and Mutual Release* attached as Exhibit 1 to the Proposed Order (the

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: Cue Health Inc. (2193) and CHP HC, LLC (1932).

"**Settlement Agreement**") by and between the Trustee and DoiT International USA, Inc. ("**DoiT International**"). The Trustee and DoiT International may each be referred to as a "**Party**" and together, the "**Parties**." In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

**BACKGROUND**

3. On May 28, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4. Alfred T. Giuliano has been appointed as chapter 7 trustee of the Debtors' Estates. The section 341 meeting of creditors was held and concluded.

5. The Debtors bankruptcy cases are jointly administered for procedural purposes under *In re Cue Health Inc.* (Case No. 24-11096) (CTG).

6. On May 26, 2026, the Trustee commenced the above-captioned adversary proceeding (the "**Adversary Proceeding**") against DoiT International by filing a complaint asserting that, during the 90-day period prior to the Petition Date, DoiT International received one or more transfers from the Debtors totaling not less than $688,665.03, which may be subject to

avoidance and recovery under chapter 5 of the Bankruptcy Code (collectively, the "**Challenged Transfers**").

7. DoiT International has asserted that the Challenged Transfers are not subject to avoidance on various grounds and has asserted affirmative defenses.

8. The Trustee, with the assistance of his professionals, has analyzed the Challenged Transfers and DoiT International's arguments and asserted defenses to the avoidance and recovery thereof.

9. DoiT International has filed a proof of claim against the estate of Debtor Cue Health, Inc., which has been assigned claim no. 112 on Cue Health's claims register (the "**DoiT POC**"). By the DoiT POC, DoiT International has asserted a general unsecured non-priority claim in the amount of $7,849,182.72, for cloud computing services.

10. Notwithstanding the foregoing, the Parties have engaged in extensive, arms' length negotiations and have agreed to resolve all matters between them on the terms set forth in the Settlement Agreement attached to the Proposed Order.

**SETTLEMENT AGREEMENT DETAILS**

11. Because the Settlement Agreement is attached hereto as an exhibit to the Proposed Order, the Trustee does not repeat every term of the Settlement Agreement in this Motion. However, key provisions of the Settlement Agreement include the following:[2]

a. **Settlement Effective Date.** The effective date of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) the entry of a final and unstayed order of the Bankruptcy Court approving this Settlement Agreement; and (ii) the Trustee has received the Settlement Payment (defined below) in good funds (the "**Settlement Effective Date**").

---

[2] The terms of the settlement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement. In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

b. **Settlement Payment**. Within five (5) business days after execution of the Settlement Agreement by all Parties, DoiT International shall remit to the Trustee the sum of $516,499 (the "**Settlement Payment**"). In the event the Settlement Agreement is not approved by the Bankruptcy Court upon motion of the Trustee as referenced in the Settlement Agreement, the Trustee shall promptly return any portion of the Settlement Payment received by the Trustee to DoiT International.

c. **Mutual General Releases.** As set forth more fully therein, the Settlement Agreement contains mutual blanket releases of all claims between the Parties, which releases are effective on the Settlement Effective Date.

d. **Waiver of 502(h) Claim**. Upon the Settlement Effective Date, DoiT International shall be deemed to have waived the right to file or assert a claim under section 502(h) of the Bankruptcy Code relating to the Settlement Payment.

e. **Withdrawal of DoiT POC; No Other Claims**. Upon the Settlement Effective Date (i) the DoiT POC shall be deemed withdrawn and (ii) DoiT International shall not file or assert any other claim of any nature or priority against the Debtors or their estates, whether the type described in sections 502, 503, or 507 of the Bankruptcy Code or otherwise. Within ten (10) days of the Settlement Effective Date, DoiT International shall file a notice with the Bankruptcy Court withdrawing the DoiT POC. In the event DoiT does not timely file a notice of withdrawal, the Trustee shall be authorized to file such notice.

**RELIEF REQUESTED AND BASIS THEREFOR**

12. By this Motion, the Trustee seeks approval of the Settlement Agreement as described herein.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against

the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

15. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved, or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

16. A review of these four factors demonstrates that the Settlement Agreement should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to DoiT International and analyzed and considered the arguments and defenses asserted by DoiT International. Thereafter, the parties engaged in arms' length negotiations.

17. The Settlement Agreement provides significant benefits to the Debtors' Estates. As a result of the Settlement Agreement, the Estates will receive $516,499 on account of the

Challenged Transfers. This represents an approximately 75% recovery on the Challenged Transfers, without the need to engage in costly and time-consuming litigation. In addition, DoiT International is releasing all claims of any nature or priority it could otherwise assert against the Debtors' Estates, including the DoiT POC of approximately $7.8 million.

18. The Trustee respectfully submits that the compromises set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise believes the Settlement Agreement is founded on the exercise of sound business judgment by the Trustee, falls well above "lowest point in the range of reasonableness," and should be approved.

**NOTICE**

19. Notice of this Motion has been provided to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to DoiT International; and (c) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the Motion, approving the Settlement Agreement, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: August 26, 2026
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*___________
Alan M. Root (No. 5427)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: root@chipmanbrown.com
maser@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*